UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAROL WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security,<br><br>Defendant. | CASE NO. C04-2260-JLR-MAT<br><br><br><br>REPORT AND RECOMMENDATION |

Plaintiff Carol Williams proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's application for Supplemental Security Income (SSI) disability benefits under Title XVI, 42 U.S.C. § 1383(c)(3) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, it is recommended that the decision be vacated and the case remanded to the Appeals Council to allow further consideration of plaintiff's request for review.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1948.[1] Plaintiff applied for SSI on November 9, 2001. Her application was denied initially and on reconsideration, and she timely requested a hearing.

A hearing was held before an ALJ on February 26, 2004, taking testimony from plaintiff and a vocational expert. (AR 217-266.) On May 7, 2004, the ALJ issued a decision finding plaintiff not disabled. (AR 12-18.) Plaintiff was informed that a request for review by the Appeals Council must be filed within sixty days from the date the notice was received, and any new evidence that plaintiff wished to have considered should be submitted with the request for review. (AR 9.) Through counsel, plaintiff filed a written request with the Appeals Council by letter dated July 1, 2004 asking for "a reasonable opportunity to file a brief and additional evidence" before the decision was made. (AR 8.) On August 30, 2004, the Appeals Council denied plaintiff's request for review. (AR 4-6.) Thus, the ALJ's decision became the final decision of the Commissioner. Plaintiff appealed to this Court.

**JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

**DISCUSSION**

The only issue raised by plaintiff is whether this Court should remand the matter to the Appeals Council to allow plaintiff an opportunity to submit a brief and additional evidence. Plaintiff argues that the Appeals Council did not follow its own rules and procedures, thus denying

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

plaintiff due process of law. The Commissioner argues that the reviewing court is without jurisdiction to consider the Appeals Council's denial of review, and that the only final agency decision under review is the ALJ's decision, which becomes the final decision of the Commissioner when the Appeals Council denies review. The Commissioner goes on to argue that the ALJ's decision is supported by substantial evidence and free of legal error and should be affirmed. However, as described below, the Commissioner's assertion that the Court has no jurisdiction to review the Appeals Council's denial of review misses the point.

The Commissioner cites *Matthews v. Apfel*, 239 F.3d 589 (3d Cir. 2001), in support of her position. *Matthews*, however, addressed the District Court's obligation to remand a case to the ALJ for reconsideration when new and material evidence was presented to the Appeals Council, rather than including the new and material evidence in evaluating whether substantial evidence supported the decision of the ALJ. In that context, the Third Circuit held that the court did not have the statutory authority to review the Appeals Council's denial of review, absent the ALJ's opportunity to consider the new and material evidence. Until the ALJ was given that opportunity, the reviewing court would not consider the new evidence in determining whether substantial evidence supported the decision of the ALJ. The Third Circuit acknowledged that its decision was contrary to the conclusion reached by other Circuits, including the Eighth and Ninth.

The Eighth Circuit in *Mackey v. Shalala,* 47 F.3d 951, 952 (8th Cir. 1995), held that the reviewing court may decide whether the ALJ's decision is supported by substantial evidence, including the new and material evidence in its consideration. The Eighth Circuit rationalized that it has no jurisdiction to review the Appeals Council's decision because it is a nonfinal agency action. *Id.* at 953. Rather, it was the ALJ's decision that was being reviewed by the court. The

Ninth Circuit is in accord with the Eighth Circuit. *See Ramirez v. Shalala*, 8 F.3d 1449, 1451-52 (9th Cir. 1993).

The issue addressed by these Circuit Courts relates to the statutory authority of the court to review new and material evidence submitted to the Appeals Council, but not presented to the ALJ, in determining whether substantial evidence supports the ALJ's decision. Even the Third Circuit in *Matthews*, however, assumed that the social security claimant would be at least given the opportunity to present additional evidence for consideration by the Appeals Council:

> We believe the purpose of that regulation is to give the claimant an opportunity to present additional evidence, if it is new and material, for consideration by the Appeals Council in deciding whether to grant review of the ALJ's decision. This is consistent with the policy of giving the claimant ample opportunity to prove his or her disability. Counsel for the Social Security Administration advised us at oral argument that the Appeals Council grants review and remands approximately 25% of its cases to the ALJ, thereby using the new and material evidence on claimants' behalf.

47 F.3d at 594. While these cases involve differing interpretations of the statutory authority for the district court's review of the Appeals Council's decision to deny review, plaintiff raises a different issue. Plaintiff is not asking this Court to consider the merits of the Appeals Council's decision that the ALJ's decision was supported by substantial evidence. Rather, plaintiff challenges her lack of opportunity to file a brief and present additional evidence to the Appeals Council. While plaintiff cites the agency's rules and regulations as the basis of the challenge, she also contends that fundamental principles of procedural due process are involved.

Contrary to defendant's assertion that the Court lacks jurisdiction to address this issue, there are numerous examples of the willingness of courts to review the actions of the Appeals Council on procedural matters. In *Friddle v. Heckler*, 720 F.2d 24, 24-25 (8th Cir. 1983), the Eighth Circuit considered the effect of the Appeals Council's consideration of additional evidence

on the filing period for obtaining review. Noting that "the fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner," the Third Circuit has considered the extent of the Appeals Council's review upon remand from the district court. *Chrupcala v. Heckler,* 829 F.2d 1269, 1274 (3d Cir. 1987). The First Circuit considered the challenge of a Medicare claimant to the Appeals Council re-opening of her case on its own initiative, involving (as in the instant case) not the *amount* of benefits awarded but the *procedure* by which claims were reopened. *McCuin v. Secretary of Health & Human Servs.*, 817 F.2d 161, 164 (1st Cir. 1987). Stressing the history and importance of judicial review, the court found jurisdiction particularly appropriate when serious constitutional questions were involved. *Id.* at 165-166. The Eleventh Circuit considered a partially-successful social security claimant's right to procedural due process in appealing from an ALJ's order, holding that the Appeals Council must give notice of its intent to re-examine issues not challenged by the claimant. The court found that the notice requirement "stems from the regulations and that its observance meets the dictates of due process and fundamental fairness." *Kennedy v. Bowen*, 814 F.2d 1523, 1525 (11th Cir. 1987).

Social Security proceedings are "inquisitorial rather than adversarial". *Sims v. Apfel*, 530 U.S. 103, 110 (2000). It is the Appeals Council, not the appealing claimant, that has primary responsibility for identifying and developing the issues. *Id.* at 112. As clearly stated in C.F.R. § 404.970(b), the Appeals Council "shall" evaluate the entire record, including new and material evidence. If the Appeals Council is put on notice by the claimant that such new and material evidence may exist, the Appeals Council has the obligation to give the claimant the opportunity to present the evidence for consideration. A refusal to consider such evidence is an error of law.

*Keeton v. Department of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

The Commissioner suggests that plaintiff is not without a remedy, in that she could have brought forth the evidence to this Court and requested a remand for further proceedings, assuming her ability to establish that the evidence was new and material, and that she has good cause for her failure to produce the evidence at an earlier stage of the proceedings. However, as the *Matthews* court pointed out, the Appeals Council resolves a substantial number of cases before it on review by remanding for consideration of new and material evidence. 249 F.3d at 594. The Appeals Council has specialized agency knowledge and practice, and considerations of time and expense weigh in favor of allowing claimants the opportunity to request meaningful review at that level of the administrative process.

The Commissioner accurately points out that, in actual fact, plaintiff had ample opportunity to file a brief or any other material with the Appeals Council between the date the appeal was filed on July 1, 2004 and the date the Appeals Council denied review on August 30, 2004. The agency's procedures contained in the HALLEX at I-3-0-85 note that the Appeals Council routinely allows forty days for submission of evidence and arguments, but plaintiff had nearly sixty days to make such a submission after the appeal was filed. However, the Social Security Act is a remedial statute, to be broadly construed and liberally applied in favor of beneficiaries. *McCuin,* 817 F.2d at 174. *See also LaMadrid v. Hegstrom* , 830 F.2d 1524, 1531 (9th Cir. 1987). For reasons that are not known and are unlikely to be explained, the Appeals Council failed to make any response to the plaintiff's request for the opportunity to file a brief and additional evidence,

and simply proceeded to issue a denial of the request for review.[2] This was a denial of procedural due process, impinging on plaintiff's right to have a meaningful opportunity to be heard. The case should be remanded to the Appeals Council to allow plaintiff the opportunity to file a brief and submit additional evidence for consideration in support of her request for review of the ALJ's decision denying benefits.

**CONCLUSION**

For the reasons described above, the undersigned recommends that the decision be VACATED and this matter be REMANDED to the Appeals Council for further consideration of plaintiff's request for review.

DATED this 10th day of November, 2005.

Mary Alice Theiler
United States Magistrate Judge

[2] The administrative record clearly establishes that the request for review, and the request for reasonable opportunity to file a brief and additional evidence, was received by the agency on July 2, 2004. (AR 7.)